IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CR-15-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KONO MICHELLE HYMAN, | ) | |
| | ) | |
| Defendant. | ) | |

On August 16, 2010, pursuant to a plea agreement [D.E. 35], Kono Michelle Hyman ("Hyman") pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine in violation of 21 U.S.C. § 846 (count one) and to possession of firearms and ammunition as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count four). See [D.E. 38]. On December 15, 2010, the court held a sentencing hearing and calculated Hyman's advisory guideline range on count one as 135 to 168 months' imprisonment and 120 months' imprisonment on count four. See [D.E. 60]. After granting the government's motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a) [D.E. 55] and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hyman to 108 months' imprisonment on each count to be served concurrently. See [D.E. 60].

On December 29, 2014, Hyman moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 77]. Hyman's new advisory guideline range for count one is 108 to 135 months' imprisonment, based on a total offense level of 29 and a criminal history category of III. See Resentencing Report. Hyman requests a sentence of 86 months' imprisonment on counts one and four. See id.

The court has discretion to reduce Hyman's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, No. 15-7442, 2016 WL 7187326, at *1 (4th Cir. Dec. 12, 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hyman's sentence, the court finds that Hyman engaged in serious criminal behavior over a long period of time involving a large quantity of cocaine and cocaine base (crack) and possessed firearms and ammunition during the drug conspiracy. See PSR ¶¶ 10–15. Moreover, Hyman is a recidivist drug dealer, has performed poorly on supervision, and has a history of violence. See id. ¶¶ 18, 20, 22, 23, 26. Nonetheless, Hyman has taken some positive steps while incarcerated. See Resentencing Report 1–2.

Having reviewed the entire record and all relevant policy statements, the court finds that Hyman received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hyman's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Thus, the court denies Hyman's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Hyman's motion for reduction of sentence [D.E. 77] and DISMISSES as moot the motion to ascertain the status of the motion [D.E. 92].

2

SO ORDERED. This 3 day of February 2017.

                                                  JAMES C. DEVER III
                                                  Chief United States District Judge

3

Case 2:10-cr-00015-D   Document 94   Filed 02/03/17   Page 3 of 3